*336 OPINION.
Love:
The Revenue Act of 1924 is here involved and section 215(a) is applicable. That section provides:
In computing net income no deduction shall in any casé be allowed in respect of—
5Ü * * * * * *
(4) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy.
It may be conceded that the taxpayer in the instant case was not directly or indirectly a beneficiary under the policy here involved. It may be pointed out, however, that the statute quoted above does not authorize a deduction of the premium where the taxpayer is not such a beneficiary in the policy. It only prohibits the deduction where it is such a beneficiary, regardless of other features that might otherwise entitle it to such deduction.
We must look to other parts of the statute to find, if we can find, authority for the deduction. The record does not disclose the motive or purpose of the board of directors in authorizing the payment of those premiums by the corporation. It may be they were paid as additional compensation, or it may be they were merely distributions of profits, or a gift. We may not deal in surmises; we must decide cases upon the evidence submitted and put into the record. There being no evidence in the record enabling the Board to determine the purpose of those premium payments*, we can not determine what the purpose was, hence we must, and do hold, that it has not been shown that such payments are deductible. The action of the Commissioner on that issue is sustained.
Reviewed by the Board.

Judgment will be entered under Rule 50.